IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| STELLA BLACK, | ) | C.A. N O.: 3:18-02479-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | |
| | ) | **Petition for Removal** |
| SAFECO INSURANCE COMPANY OF | ) | |
| AMERICA, RAINBOW INTERNATIONAL | ) | |
| OF COLUMBIA, PALMETTO DESIGN | ) | |
| AND RESTORATION CONTRACTORS, | ) | |
| LLC, MIKE GIBSON, individually, DENNIS | ) | |
| BRANHAM ROOFING, LLC, DENNIS | ) | |
| BRANHAM, individually, AND AXIOM | ) | |
| ADJUSTING SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

TO:    UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA;
COURT OF COMMON PLEAS FOR RICHLAND COUNTY, SOUTH CAROLINA; AND
ALL PARTIES AND ATTORNEYS OF RECORD:

YOU WILL PLEASE TAKE NOTICE that Defendant, Safeco Insurance Company of

America ("Safeco"), by and through its undersigned attorneys, hereby invokes the removal

jurisdiction of the United States District Court for the District of South Carolina on the following

grounds:

**FIRST:**    On or about August 3, 2018, the Plaintiff named above filed a civil action against

the above-captioned Defendants in the Circuit Court of Richland County, South Carolina, as Case

No. 2018-CP-40-04124.  On August 9, 2018, the complaint was served on Safeco.  The action

against Safeco is couched as a breach of insurance contract and bad faith action.  Compl. at ¶¶ 24-

32.  Safeco files and presents this Notice of Removal within thirty (30) days after receipt by Safeco

of the filed Summons and Complaint as required by 28 U.S.C. § 1446.

**SECOND:**     This action is removable to the United States District Court based upon 28 U.S.C. § 1441.  The above-described action is a civil action over which this Court has jurisdiction by way of diversity pursuant to 28 U.S.C. § 1332 because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, is between citizens of different states[1], and is one which may be removed to this Court by Safeco pursuant to 28 U.S.C. § 1441.  This Court has supplemental jurisdiction over all claims asserted by Plaintiffs pursuant to 28 U.S.C. § 1367.

Plaintiff is alleged to be a resident and citizen of South Carolina.  Safeco is a corporation created under the laws of the state of New Hampshire and having its principal place of business in the Commonwealth of Massachusetts.   The co-defendants are all alleged to be South Carolina citizens and/or residents.  As will be explained herein, and in the contemporaneously filed motion to sever these co-defendants because they are improperly joined defendants as outlined, *infra*.

The Plaintiffs' Complaint <u>does not</u> seek to limit its damages below the jurisdictional threshold.  The lawsuit asserts a two cause of action against Safeco: (1) breach of an insurance contract; and (2) bad faith.  Compl. at  ¶¶ 24-32.  The complaint seeks punitive damages and attorney's fees.  <u>Id.</u> *ad damnum* clause.  Punitive damages, when sought, must be considered in determining the amount in controversy.  <u>Bell v. Preferred Life Assurance Soc'y</u>, 320 U.S. 238, 240

---

[1]As fully discussed *infra*, the co-defendants are fraudulently misjoined defendants, thus, their status South Carolina residents/entities cannot defeat diversity, nor is their consent to removal required.

(1943).[2]  The Fourth Circuit has held that "the amount in controversy may be calculated as the value to either party."  Jones v. Allstate Ins. Co., 258 F. Supp. 2d 424, 428 (D.S.C. 2003)(quoting Gov't Emp. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)).  Given the language the Complaint and the attachments thereto, it cannot be said to a "legal certainty" that the amount in controversy is less than $75,000.00, thus, making this matter removable as the policy limits are well in excess of the jurisdictional threshold.[3]  Wiggins v. North American Equitable Life Assurance Co., 644 F.2d 1014, 1017 (4th Cir. 1981).

**THIRD:**     Safeco    specifically    alleges    that    the    co-defendants    are    improperly joined in this action under Rules 20 and 21 of the Federal Rules of Civil Procedure and should be severed from this action.  Once severed, the non-diverse parties should be remanded to state court pursuant to the analysis of Todd v. Cary's Lake Homeowners Association, 315 F.R. D. 453 (D.S.C. 2016)(remanding non-diverse claims but severing removable claim)(J. Childs); Cramer v. Walley, 2015 WL 3968155 (D.S.C. 2015) (J. Childs)(remanding non-diverse claims but severing removable claim); Hill v. Kinloch, 2015 WL 1943771 (D.S.C. 2015) (J. Norton) (remanding non diverse claim, severing removable claim, and staying federal action); Higgins v. DuPont Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988) (noting authority for federal court to sever claims); 28 U.S.C. § 1441.

In addition, the co-defendants are nominal defendants in this action and therefore their residency cannot defeat diversity. Federal courts have long recognized an exception to the rule of

---

[2]  It has been noted by Judge Shedd, that "the plaintiff's bar rarely seeks less than ten times damages for punitive damages.  It is also not uncommon for juries to award punitive damages of more than ten times damages. . . ."  Woodward v. Newcourt Commercial Finance Corp., 60 F. Supp.2d 530, 532 (D.S.C. 1999).

[3]  The declarations page of the subject policy is attached as Exhibit A.

-3-

unanimity, which states that a nominal party need not consent to removal. <u>Hartford Fire Ins. Co. v.</u> <u>Harleysville Mut. Ins. Co.</u>, 736 F.3d 255, 259 (4th Cir. 2013).   "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." <u>Id.</u> at 260. "In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." <u>Id.</u>   A determination of whether one is a nominal party is a practical inquiry depending on the facts of each case. <u>Id.</u> at 263.  Here, Plaintiff is asserting separate and distinct claims against the co-defendants. The claims being asserted against Safeco are separate and distinct from the claims against the co-defendants.  The claims against Safeco can be adjudicated without affecting the co-defendants in any way, as can the claims against the co-defendants be adjudicated without affecting Safeco.

**FOURTH:**    Copies of all process, pleadings and orders served upon the removing Defendant in this action are attached hereto collectively as Exhibit B and are incorporated herein by reference.

**FIFTH:**    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the removing Defendant's right to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

**SIXTH:**    Pursuant to 28 U.S.C. § 1446(c), this Notice of and Petition for Removal is being filed within one (1) year after the date of the commencement of the original action.

**SEVENTH:**    The removing Defendant is providing the Clerk of Court from which this action was removed with a copy of this Notice of and Petition for Removal.

WHEREFORE, this Defendant prays that this Honorable Court accept this Notice of and Petition for Removal and hereby undertake jurisdiction in the above-entitled cause of action now pending in the Court of Common Pleas for the County of Richland, State of South Carolina, that the

same be removed to this Honorable Court and that all proceedings in said case in the Court of

Common Pleas for the County of Richland, State of South Carolina, be stayed.

Dated this  7th  of September, 2018.

WALL TEMPLETON & HALDRUP, P.A.


s/ Morgan S. Templeton
Morgan S. Templeton  (Fed ID # 7187)
145 King Street, Suite 300
Post Office Box 1200
Charleston, South Carolina 29402
(843) 329-9500
Attorneys for Safeco Insurance Company of America