# EXHIBIT "B"

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL DISTRICT |
| COUNTY OF RICHLAND | ) | C.A. No. 2018-CP-40-_____ |
| | ) | |
| STELLA BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| vs. | ) | |
| | ) | |
| SAFECO INSURANCE COMPANY OF | ) | |
| AMERICA, RAINBOW | ) | |
| INTERNATIONAL OF COLUMBIA, | ) | |
| PALMETTO DESIGN AND | ) | |
| RESTORATION CONTRACTORS, LLC, | ) | |
| MIKE GIBSON, individually, DENNIS | ) | |
| BRANHAM ROOFING, LLC, DENNIS | ) | |
| BRANHAM, individually, AND AXIOM | ) | |
| ADJUSTING SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you and to serve a copy of your Answer to said Complaint on the subscriber at his office, Mullen Wylie, LLC, PO Box 5969, Hilton Head Island, South Carolina 29938, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to appear and defend the action as required by law, judgment by default will be rendered against you for the relief demanded in the Complaint.

(SIGNATURE PAGE TO FOLLOW)

1

Respectfully submitted,

**MULLEN WYLIE, LLC**

s/Andrew J. Toney

Andrew J. Toney
Bar No. 73037
Post Office Box 5969
Hilton Head Island, SC 29938
(843) 785-6969 (TEL)
(843) 785-6711 (FAX)
dtoney@mullenwylie.com

Jason M. Cieri
Merlin Law Group
100 Park Ave., 16th Fl.
New York, NY 10017
(212) 351-5017
(212) 984-0698
jcieri@merlinlawgroup.com

Attorneys for Plaintiff

August 3, 2018
Hilton Head Island, South Carolina

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL DISTRICT |
| COUNTY OF RICHLAND | ) | C.A. No. 2018-CP-40-_____ |
| | ) | |
| STELLA BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| SAFECO INSURANCE COMPANY OF | ) | |
| AMERICA, RAINBOW | ) | |
| INTERNATIONAL OF COLUMBIA, | ) | |
| PALMETTO DESIGN AND | ) | |
| RESTORATION CONTRACTORS, LLC, | ) | |
| MIKE GIBSON, individually, DENNIS | ) | |
| BRANHAM ROOFING, LLC, DENNIS | ) | |
| BRANHAM, individually, AND AXIOM | ) | |
| ADJUSTING SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | (JURY-TRIAL DEMANDED) |

Plaintiff, Stella Black, by her undersigned attorneys, for her Complaint against

Defendants state:

## FACTS

1.     At all times relevant, Plaintiff, Stella Black, was and is a South Carolina citizen,

being a resident of Columbia, South Carolina, and the owner of a single-family residential

dwelling at 2640 Forest Dr., Columbia, South Carolina ("Subject Home").

2.     At all times relevant, Defendant, Safeco Insurance Company of America

("Safeco"), was and is a corporation organized and existing pursuant to the laws of a State other

than the State of South Carolina, and conducts business, at all times relevant hereto, in Richland

County, South Carolina, and was and is engaged in the business of underwriting and issuing

property and casualty insurance policies.

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

3.      Defendant, Rainbow International of Columbia ("Rainbow"), is, upon information and belief, a corporation organized and existing pursuant to the law of the State of South Carolina and conducted business, in whole or in part, at all times relevant hereto in Richland County, South Carolina and was responsible for moisture/mold investigation and remediation at the Subject Home.

4.      Defendant, Palmetto Design and Restoration Contractors, LLC (hereinafter "Palmetto"), is, upon information and belief, a corporation organized and existing pursuant to the laws of the State of South Carolina and conducted business, in whole or in part, at all times relevant hereto in Richland County, South Carolina and was responsible as the general contractor for repairs to the Subject Home.

5.      Defendant, Mike Gibson (hereinafter "Gibson"), is, upon information and belief, a citizen and resident of the State of South Carolina who, at all times relevant hereto, was the CEO, President and/or Principal of Palmetto, did supervise and direct construction of the remediation to the Subject Home and did conduct business in Richland County, South Carolina.

6.      Defendants, Palmetto and Gibson, were, at all times relevant hereto, engaged in business in Richland County, South Carolina for the purpose of acting as general contractor for the remediation to the Subject Home.

7.      As the license holder and construction manager, Defendant Gibson was obligated to inspect, approve and accept the work of Palmetto, and its subcontractors to insure that the Subject Home was constructed in accordance with the plans and specifications, applicable building codes, the design, and industry standards and that the work was performed in a good and workmanlike manner.

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

8.      Defendant, Dennis Branham Roofing, LLC (hereinafter "DBR"), is, upon information and belief, a corporation organized and existing pursuant to the laws of the State of South Carolina and conducted business, in whole or in part, at all times relevant hereto in Richland County, South Carolina and was responsible as the roofing subcontractor for repairs to the Subject Home.

9.      Defendant, Dennis Branham (hereinafter "Branham"), is, upon information and belief, a citizen and resident of the State of South Carolina who, at all times relevant hereto, was the CEO, President and/or Principal of DBR, did supervise and direct construction of the roofing remediation to the Subject Home and did conduct business in Richland County, South Carolina.

10.     Defendants, DBR and Branham, were, at all times relevant hereto, engaged in business in Richland County, South Carolina for the purpose of acting as roofing subcontractor for the remediation to the Subject Home.

11.     As the license holder and construction manager, Defendant Branham was obligated to inspect, approve and accept the work of DBR, and its subcontractors to insure that the Subject Home was constructed in accordance with the plans and specifications, applicable building codes, the design, and industry standards and that the work was performed in a good and workmanlike manner.

12.     Defendant, Axiom Adjusting Services, LLC ("Axiom"), is, upon information and belief, a corporation organized and existing pursuant to the law of the State of South Carolina and conducted business, in whole or in part, at all times relevant hereto in Richland County, South Carolina and was responsible as public adjuster on behalf of Plaintiff after the loss to the Subject Home.

13.     This Court has jurisdiction over the subject matter and the parties to this action.

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

14.     Safeco issued to Plaintiff insurance policy number OF2169562 effective from June 8, 2015 through June 8, 2016, which (a) insured the dwelling against sudden and accidental direct physical loss from windstorm or hail, (b) afforded coverage for sudden and accidental direct physical loss to personal property caused by windstorm or hail, (c) and afforded additional living expense coverage in the event a covered loss rendered the dwelling uninhabitable due to windstorm or hail.

15.     On or about August 5, 2015, while the policy was in full force and effect, Plaintiff suffered sudden and accidental direct physical loss to the dwelling in the form of a microburst storm, which rendered the dwelling uninhabitable, caused total loss to personal property and caused extensive damage to the dwelling ("Loss").

16.     Plaintiff duly submitted a claim to Safeco for benefits due under the policy resulting from this covered loss.

17.     To date, Safeco has refused to fully pay Plaintiff for the covered loss and has failed to investigate the claim in good faith and fair dealing.

18.     Plaintiff retained the services of Axiom to act as her public adjuster to assist her in investigating the Loss and obtaining sufficient funds to repair the Subject Home and reimburse her for loss to personal property and living expenses.

19.     Axiom failed to properly investigate the claim and failed to act as public adjuster should act under the circumstances then and there existing.

20.     On the advice and recommendation of Axiom, Plaintiff retained Palmetto and Gibson to act as general contractor for the remediation of damage to the Subject Home.

21.     Upon information and belief, Palmetto and Gibson hired DBR and Branham as subcontractor to act as the roofer for the roof remediation to the Subject Home and Plaintiff

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

retained to Rainbow to investigate and remediate moisture intrusion(hereinafter Palmetto, Gibson, DBR, Branham, and Rainbow are referred to as "Contractors").

22.    Upon information and belief, the Subject Home contains numerous design and construction defects as a result of the remediation including, but not limited to, the following:

(a)    Failure to follow plans, specifications, and/or applicable building code and industry standards;

(b)    Failure to properly install the roofing system;

(c)    Failure to provide proper waterproofing and/or flashing;

(d)    Failure to install proper roofing materials;

(e)    Failure to properly investigate and remediate water intrusion;

(f)    Failure to comply with the appropriate standard of care and applicable building code;

(g)    Failure to properly inspect and/or monitor work of parties involved in designing and constructing the project;

23.    As a direct and proximate result, Plaintiff has suffered injuries and continues to suffer injuries and is entitled to the recovery of damages in the amount of the cost to repair the Subject Home, reasonable attorney's fees, consequential damages, including loss of use and loss of value, punitive damages where applicable, plus costs and prejudgment and post judgment interest.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract – As to Safeco)

24.    Each and every allegation set forth above is fully incorporated herein.

25.    Plaintiff has duly performed all conditions precedent as required by the insurance policy to be performed by her, including: giving prompt notice to Safeco of the loss; cooperating with Safeco in its investigation of the claim; and timely suing Safeco.

26.     Although requested to do so, Safeco has failed and refused to pay Plaintiff for the covered loss to her dwelling, which failure and refusal constitutes a breach of the policy.

27.     Although requested to do so, Safeco has failed and refused to pay Plaintiff for the covered loss to her personal property, which failure and refusal constitutes a breach of the policy.

28.     Although requested to do so, Safeco has failed and refused to pay Plaintiff all of the additional living expenses she has incurred due to her dwelling being rendered uninhabitable following the covered loss, which failure and refusal constitutes a breach of the policy.

29.     Wherefore, Plaintiff, request that this Court enter judgment in her favor and against Defendant, Safeco, in an amount to be determined plus prejudgment interest.

### FOR A SECOND CAUSE OF ACTION
**(Bad Faith – As to Safeco)**

30.     Each and every allegation set forth above is fully incorporated herein.

31.     At all times relevant hereto and specifically on August 5, 2015, Plaintiff had homeowners insurance coverage pursuant to the homeowners' policy written by Defendant Safeco.

32.     Safeco has breached its obligation to deal in good faith and fairly with Plaintiff in terms of its claim handling and its failure to pay the claim in one or more of the following respects in that, without reasonable cause, it: (a) failed to thoroughly, fairly, and objectively investigate Plaintiff's loss; (b) failed to pay Plaintiff for the loss and damage to her dwelling; (c) failed to pay Plaintiff for the loss and damage to her personal property; (d) failed to pay Plaintiff for her additional living expenses due to the dwelling being uninhabitable following the loss; and (e) forced Plaintiff to retain legal counsel to investigate the loss and claim and to prosecute this lawsuit to recover all of the benefits that should have been immediately forthcoming under the insurance policy.

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

### FOR A THIRD CAUSE OF ACTION
#### (Negligence/Gross Negligence – As to Contractors)

33.     Each and every allegation set forth above is fully incorporated herein.

34.     Contractors each owed duties to Plaintiff to exercise that degree of skill necessary to construct and supervise the construction of and review the design of and otherwise to deliver the Subject Home free of construction defects and built in conformity with the design and customary and ordinary standards of the building and construction industry and the applicable building codes and manufacturers' installation instructions.

35.     Contractors owed duties to Plaintiff to exercise that degree of skill necessary to construct repairs to the Subject Home and supervise the construction of and review the design of and otherwise to deliver the Subject Home free of construction defects and built in conformity with the design and customary and ordinary standards of the building and construction industry and the applicable building codes and manufacturers' installation instructions.

36.     The deficiencies and defects which exist at the Subject Home are the proximate and direct result of the negligence, gross negligence, recklessness, willfulness, and wantonness of Contractors in one or more of the following particulars:

     (a)     In failing to properly construct the remediation of the Subject Home by deviating from the plans and specifications and/or failing to employ practices and methods of construction conforming to the customary and ordinary standards of the construction industry;

     (b)     In using and supplying defective material;

     (c)     By installing materials not in accordance with the plans and specifications;

     (d)     By installing materials in violation of manufacturer's instructions;

     (e)     In performing work which violated applicable building codes;

9

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

(f)    In failing to properly supervise employees, agents and subcontractors to ensure that all work proceeded in accordance with the plans and specifications and in conformity with industry standards;

(g)    In accepting defective and/or non-conforming materials and labor;

(h)    In providing deficient and/or defective workmanship and/or materials, without proper inspections to ensure that the work was correct and in conformity with customary industry standards and in accordance with the plans and specifications and the manufacturer's instructions;

(i)    In failing to adequately construct a waterproofing system on the exterior of the building thereby allowing water to infiltrate the interior of the building;

(j)    In failing to inform the architect and/or general contractor of the defects in the plans and specifications; and

(k)    In failing to act as reasonable and prudent subcontractor would act under the circumstances then and there existing.

37.    As a direct and proximate result, Plaintiff has suffered injuries and continue to suffer injuries and is entitled to the recovery of damages in the amount of the cost to repair the Subject Home, reasonable attorney's fees, consequential damages, including loss of use and loss of value, punitive damages where applicable, plus costs and prejudgment and post judgment interest.

### FOR A FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Workmanship – As to Contractors)

38.    Each and every allegation set forth above is fully incorporated herein.

39.    Contractors impliedly warranted that the Subject Home would be constructed in accordance with all applicable building codes and standards in a careful, diligent, and workmanlike manner, free of construction defects, and that all materials and products utilized therein would be installed in accordance with manufacturer's instructions and in accordance with industry standards.

10

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

40.    As set forth more fully above, Contractors breached the implied warranty of workmanship.

41.    As a direct and proximate result, Plaintiff has suffered injuries and continues to suffer injuries and is entitled to the recovery of damages in the amount of the cost to repair the Subject Home, reasonable attorney's fees, consequential damages, including loss of use and loss of value, punitive damages where applicable, plus costs and prejudgment and post judgment interest.

## FOR A FIFTH CAUSE OF ACTION
### (Breach of Express and Implied Warranties – As to Contractors)

42.    Each and every allegation set forth above is fully incorporated herein.

43.    Upon information and belief, Contractors acted as contractors and subcontractors in connection with contracts to build, repair, remodel, and inspect the Subject Home, made express warranties to the effect that the Subject Home would be free from construction defects.

44.    Contractors also impliedly warranted that the Subject Home would be constructed, repaired, remodeled and inspected in a careful, diligent, and workmanlike manner, free of construction deficiencies.

45.    Contractors breached their expressed and implied warranties in the following particulars:

(a)    In failing to properly construct the remediation to the Subject Home by deviating from the plans and specifications and/or failing to employ practices and methods of construction conforming to the customary and ordinary standards of the construction industry;

(b)    In using and/or supplying defective materials;

(c)    In installing materials not in accordance with the plans and specifications;

(d)    In installing materials in violation of manufacturer's instructions;

11

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

(e)    In performing work which violated applicable building codes;

(f)    In failing to properly supervise employees, agents and subcontractors to assure that all work proceeded in accordance with the plans and specifications and in conformity with industry standards;

(g)    In accepting defective and/or non-conforming materials and labor;

(h)    In failing to construct the remediation to the Subject Home in a good and workmanlike manner; and

(i)    In providing deficient and/or defective workmanship and/or materials, without proper inspections to assure that the work was correct and in conformity with customary industry standards and in accordance with the plans and specifications and the manufacturer's instruction and applicable building codes.

(j)    In failing to inform the architect and/or developer of the defects in the plans and specifications.

46.    As a direct and proximate result, Plaintiff has suffered injuries and continues to suffer injuries and is entitled to the recovery of damages in the amount of the cost to repair the Subject Home, reasonable attorney's fees, consequential damages, including loss of use and loss of value, punitive damages where applicable, plus costs and prejudgment and post judgment interest.

**FOR A SIXTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty - As to Axiom)**

47.    Each and every allegation set forth above is fully incorporated herein.

48.    Defendant at all times was charged with the duty of advocating for Plaintiff in appraising and negotiating Plaintiff's insurance claim with Safeco, or it undertook such duties.

49.    Defendant owed a fiduciary duty to the Plaintiff.

50.    Defendant breached such duty by:

(a)    failing to fully and completely investigate the damage to the Subject Home and personal property;

12

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

(b)    failing to properly estimate the cost of remediation to the subject home and loss to personal property and additional living expenses;

(c)    improperly recommending unqualified contractors to perform the remediation work;

(d)    improperly investigating and recommending remediation for moisture damage;

(e)    failing to properly communicate with Plaintiff;

(f)    engaging in improper communications with Safeco or its agents;

(g)    failing to act as a reasonably prudent public adjuster;

(h)    failing to act in the best interests of Plaintiff;

(i)    failing to act as a prudent and responsible public adjuster would act.

51.    As a direct and proximate result, Plaintiff has suffered injuries and continues to suffer injuries and is entitled to the recovery of damages in the amount of the cost to repair the Subject Home, reasonable attorney's fees, consequential damages, including loss of use and loss of value, punitive damages where applicable, plus costs and prejudgment and post judgment interest.

### FOR A SEVENTH CAUSE OF ACTION
**(Negligence/Gross Negligence - As To Axiom)**

52.    Each and every allegation set forth above is fully incorporated herein.

53.    Defendant had a fiduciary duty to act in good faith and fair dealing as Public Adjuster for Plaintiff.

54.    Defendant willfully, wantonly, recklessly, and carelessly breached such duty to Plaintiff by:

13

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

(a)     failing to fully and completely investigate the damage to the Subject

Home and personal property;

(b)     failing  to properly estimate the cost of remediation to the subject home

and loss to personal property and additional living expenses;

(c)     improperly recommending unqualified contractors to perform the

remediation work;

(d)     improperly investigating and recommending remediation for moisture

damage;

(e)     failing to properly communicate with Plaintiff;

(f)     engaging in improper communications with Safeco or its agents;

(g)     failing to act as a reasonably prudent public adjuster;

(h)     failing to act in the best interests of Plaintiff;

(i)     failing to act as a prudent and responsible public adjuster would act.

55.     As a direct and proximate result, Plaintiff has suffered injuries and continues to

suffer injuries and is entitled to the recovery of damages in the amount of the cost to repair the

Subject Home, reasonable attorney's fees, consequential damages, including loss of use and loss

of value, punitive damages where applicable, plus costs and prejudgment and post judgment

interest.

## FOR AN EIGHTH CAUSE OF ACTION
### (Breach of Contract - As To Axiom)

56.     Each and every allegation set forth above is fully incorporated herein.

57.     The Plaintiff and Defendant entered into an agreement, the terms and conditions

of which are incorporated herein by reference.

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

58.    Such agreement required, expressly or implied by law, that Defendant provide the following services to Plaintiffs:

a)    represent Plaintiff's interests in negotiating Plaintiff's insurance claim as to Safeco;

b)    advocate on Plaintiff's behalf in the adjustment of Plaintiff's insurance claim as to Safeco;

c)    be honest and fair in all communications with Plaintiff and with the insurer or its representatives;

d)    have no financial interests in any aspect of the Plaintiff's claim;

e)    not refer or direct Plaintiff to any person with whom the Defendant has a financial interest; nor to any person who will or is reasonably anticipated to provide the Defendant any direct or indirect compensation for the referral of any resulting business;

f)    not prevent or attempt to dissuade Plaintiff from communicating with Safeco, Safeco's adjuster, an independent adjuster representing Safeco, an attorney, or any other person regarding the settlement of Plaintiff's claim;

g)    not engage in any conduct which constitutes the unauthorized practice of law;

h)    not acquire any interest in salvage of property subject to the contract, except with the express written permission of Plaintiff, after settlement with Safeco;

15

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

i)  not solicit or enter into any agreement for the repair or replacement of damaged property on which Defendant was engaged to adjust or settle claims; and

j)  not offer or provide advice as to whether Plaintiff's claim is covered by Plaintiff's contract with Safeco.

59.  As a direct result and consequence of Defendant's failure to act in accordance with their contract, the particulars of which are described above, Plaintiff has suffered actual and consequential damages in an amount to be determined, including the costs to repair, replace and correct defective work as well as the loss of use and enjoyment of the Subject Home.

60.  Plaintiff has incurred injuries and continues to suffer injuries, cost of repair, loss of enjoyment and use and found it necessary to engage the services of other professionals to evaluate, inspect, and make recommendations with respect to necessary repairs and remedial work necessary to correct the existing and known damages to the Subject Home as a result of Defendant's failure to comply with their obligations under the agreement.

61.  As a direct and proximate result, Plaintiff has suffered injuries and continues to suffer injuries and is entitled to the recovery of damages in the amount of the cost to repair the Subject Home, reasonable attorney's fees, consequential damages, including loss of use and loss of value, punitive damages where applicable, plus costs and prejudgment and post judgment interest.

Wherefore, Plaintiff, Stella Black, prays for an award of compensatory damages, cost of repair, punitive damages, consequential damages, reasonable attorneys' fees, and litigation costs in her favor and against Defendants.

(SIGNATURE PAGE TO FOLLOW)

16

Respectfully submitted,

**MULLEN WYLIE, LLC**

s/Andrew J. Toney
Andrew J. Toney
Bar No. 73037
Post Office Box 5969
Hilton Head Island, SC 29938
(843) 785-6969 (TEL)
(843) 785-6711 (FAX)
dtoney@mullenwylie.com

Jason M. Cieri
Merlin Law Group
100 Park Ave., 16th Fl.
New York, NY 10017
(212) 351-5017
(212) 984-0698
jcieri@merlinlawgroup.com

Attorneys for Plaintiff

August 3, 2018
Hilton Head Island, South Carolina

ELECTRONICALLY FILED - 2018 Aug 03 3:36 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

17

ELECTRONICALLY FILED - 2018 Aug 13 1:47 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

STATE OF SOUTH CAROLINA  )  IN THE COURT OF COMMON PLEAS
              )  FIFTH JUDICIAL DISTRICT
COUNTY OF RICHLAND    )  C.A. No. 2018-CP-40-04124

STELLA BLACK,      )
              )
     Plaintiff,   )
              )  **CERTIFICATE OF SERVICE**
vs.           )
              )
SAFECO INSURANCE COMPANY OF )
AMERICA, RAINBOW     )
INTERNATIONAL OF COLUMBIA,  )
PALMETTO DESIGN AND    )
RESTORATION CONTRACTORS, LLC, )
MIKE GIBSON, individually, DENNIS )
BRANHAM ROOFING, LLC, DENNIS )
BRANHAM, individually, AND AXIOM )
ADJUSTING SERVICES, LLC,   )
              )
     Defendants.  )
              )

The undersigned certifies that a true and correct copy of the Summons and Complaint, in the above-captioned matter was served upon Safeco Insurance Company of America c/o South Carolina Department of Insurance via Certified Mail, Return Receipt Requested on August 6, 2018 at 1201 Main Street, Suite 1000, Columbia, SC 29201 and was signed for on August 9, 2018 (Please see attached Exhibit "A"). It was subsequently forwarded to Safeco Insurance Company of America on August 10, 2018 (Please see attached Exhibit "B").

Kylyn Mondor

August 13, 2018
Hilton Head Island, South Carolina

1

ELECTRONICALLY FILED - 2018 Aug 13 1:47 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

# EXHIBIT A

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _(signature)_  ☐ Agent  ☐ Addressee <br> B. Received by ( Printed Name )  C. Date of Delivery <br> _TERI HART_   8/09/18 <br> D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to: <br><br> Steven R. DuBois, Director <br> As Agent for Service of Process <br> South Carolina Department of Insurance <br> 1201 Main Street, Suite 1000 <br> Columbia, SC 29201 | 3. Service Type <br> ☑ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> (Transfer from ser <br> PS Form 3811, F | |

# EXHIBIT A

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery<br>_TERI HSEL_   8/09/18<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br><br>**Steven R. DuBois, Director**<br>**As Agent for Service of Process**<br>**South Carolina Department of Insurance**<br>**1201 Main Street, Suite 1000**<br>**Columbia, SC 29201** | 3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from ser | |
| PS Form 3811, F | |

ELECTRONICALLY FILED - 2018 Aug 13 1:47 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

# EXHIBIT B



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

HENRY McMASTER
Governor

RAYMOND G. FARMER
Director

August 10, 2018

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
SAFECO INS CO OF AMERICA
c/o Corporation Service Company
1703 Laurel Street
Columbia, SC 29201-0000

Dear Sir:

On August 9, 2018, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov**. When replying, please refer to File Number 171532, Stella Black v. SAFECO INS CO OF AMERICA, et al., 2018-CP-40-04124.

By:

David E. Belton
Senior Associate General Counsel
(803)737-6132

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Andrew J. Toney
       Post Office Box 5969
       Hilton Head Island, SC    29938

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Andrew Toney**  - Notification transmitted on 08-13-2018 01:47:27 PM. |

ELECTRONICALLY FILED - 2018 Aug 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

***** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2018CP4004124

**Official File Stamp:** 08-13-2018 01:47:14 PM

**Court:** CIRCUIT COURT

Common Pleas

Richland

**Case Caption:** Stella Black vs Safeco Insurance Company Of America , defendant, et al

**Document(s) Submitted:** Service/Certificate Of Service

- Exhibit/Filing of Exhibits

- Exhibit/Filing of Exhibits

**Filed by or on behalf of:** Andrew James Toney

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Andrew James Toney for Stella Black

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Rainbow International Of Columbia

Palmetto Design And Restoration Contractors Llc

Mike Gibson

Dennis Branham Roofing Llc

Dennis Branham

Axiom Adjusting Services Llc

Safeco Insurance Company Of America

ELECTRONICALLY FILED - 2018 Aug 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

ELECTRONICALLY FILED - 2018 Aug 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

## AFFIDAVIT OF SERVICE

State of South Carolina          County of Richland          Common Pleas Court

Case Number: 2018-CP-40-4124

Plaintiff:
**Stella Black**
vs.
Defendants:
**Safeco Insurance Company of America et al**

For: Robert L. Wylie IV
    Mullen Wylie, LLC

Received by Serve-One of SC, LLC to be served on **Axiom Adjusting Services, LLC, Donna Joy Walden, Registered Agent,**
**545 Innsbrook Drive, Columbia, SC 29210.** I, _RONALD J ONYON_ , being duly sworn, depose and say that on the
_9_ day of _AUGUST_ , 20 _18_ at _2:36_ _p_.m., executed service by delivering a true copy of the Summons and
**Complaint**
in accordance with state statutes in the manner marked below:

[X] CORPORATE SERVICE: By serving _DONNA JOY WALDEN_ as
_REGISTERED AGENT_ a person authorized to accept service.

( ) GOVERNMENT AGENCY: By serving _____ as

of the within named agency.

( ) NON SERVICE: Due to reasons detailed in Comments below.

COMMENTS: _____

Age _44_ Sex M/(F) Race _WHT_ Height _5'6"_ Weight _180_ Hair _BROWN_ Glasses (Y)/N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this
service was made.

Subscribed and Sworn to before me on the _10_ day of
_August_ , _2018_ by the affiant who is personally
known to me.

NOTARY PUBLIC

My Commission Expires: _8/29/2027_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Serve-One of SC, LLC**
**512 Pettigru Street**
**Greenville, SC 29601**
**(864) 235-7766**

Our Job Serial Number: 2018001385

**VINCENT ELIA**
Notary Public - State of South Carolina
My Commission Expires August 29, 2027

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1l

ELECTRONICALLY FILED - 2018 Aug 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

# AFFIDAVIT OF SERVICE

State of South Carolina          County of Richland          Common Pleas Court

Case Number: 2018-CP-40-4124

Plaintiff:
**Stella Black**
vs.
Defendants:
**Safeco Insurance Company of America et al**

For: Robert L. Wylie IV
    Mullen Wylie, LLC

Received by Serve-One of SC, LLC to be served on **Dennis Branham, 350 Schoolhouse Rd, Branchville, SC 29432.** I, _HORACE LEYSATH_ , being duly sworn, depose and say that on the _7_ day of _AUGUST_ , 20 _18_ at _5_ : _20_ P m., executed service by delivering a true copy of the **Summons and Complaint**
in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served personally to the within-named.

( ) SUBSTITUTE SERVICE: By delivering to:_____, as
_____, a person authorized to accept service and a person of discretion and appropriate age, residing at the residence of the within named person and present at said residence at the time of service.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as
_____.

( ) NON SERVICE: Due to reasons detailed in Comments below.

( ) MILITARY STATUS: Y (N) If Yes, what branch:_____

COMMENTS: _____
_____
_____
_____

Age _54_ Sex (M) F  Race _W_  Height _6'0"_  Weight _190_  Hair _BRN_  Glasses
(Y) N

ELECTRONICALLY FILED - 2018 Aug 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

## AFFIDAVIT OF SERVICE For 2018-CP-40-4124

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _1_7_ _th_
day of _August_ , _2018_ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

My Commission Expires: _10 /24 /2024_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Serve-One of SC, LLC**
**512 Pettigru Street**
**Greenville, SC 29601**
**(864) 235-7766**

Our Job Serial Number: 2018001383

TARZY LEYSATH
Notary Public, State of South Carolina
My Commission Expires Oct. 24, 2024

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1i

ELECTRONICALLY FILED - 2018 Aug 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

## AFFIDAVIT OF SERVICE

State of South Carolina          County of Richland          Common Pleas Court

Case Number: 2018-CP-40-4124

Plaintiff:
**Stella Black**
vs.
Defendants:
**Safeco Insurance Company of America et al**

For: Robert L. Wylie IV
     Mullen Wylie, LLC

Received by Serve-One of SC, LLC to be served on **Dennis Branham Roofing Dennis Branham, Registered Agent, 350 Schoolhouse Rd, Branchville, SC 29432.** I, _HORACE LEXEATH_, being duly sworn, depose and say that on the ___7___ day of _AUGUST_, 20 _18_ at _5:20_ P.m., executed service by delivering a true copy of the **Summons and Complaint** in accordance with state statutes in the manner marked below:

(X) CORPORATE SERVICE: By serving _DENNIS BRANHAM_ as
     _AGENT_ _____ a person authorized to accept service.

( ) GOVERNMENT AGENCY: By serving _____ as

_____
of the within named agency.

( ) NON SERVICE: Due to reasons detailed in Comments below.

COMMENTS: _____
_____
_____
_____

Age _54_ Sex (M)F  Race _W_   Height _6'0_  Weight _180_  Hair _BRN_  Glasses
(Y)N

ELECTRONICALLY FILED - 2018 Aug 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

## AFFIDAVIT OF SERVICE For 2018-CP-40-4124

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 1st
day of August , 2018 by the affiant who
is personally known to me.

NOTARY PUBLIC

My Commission Expires: 10/24/2024

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Serve-One of SC, LLC**
**512 Pettigru Street**
**Greenville, SC 29601**
**(864) 235-7766**

Our Job Serial Number: 2018001384

TARZY LEYSATH
Notary Public, State of South Carolina
My Commission Expires Oct. 24, 2024

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1i

ELECTRONICALLY FILED - 2018 Aug 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

## AFFIDAVIT OF SERVICE

| State of South Carolina | County of Richland | Common Pleas Court |
|---|---|---|

Case Number: 2018-CP-40-4124

Plaintiff:
**Stella Black**
vs.
Defendants:
**Safeco Insurance Company of America et al**

For: Robert L. Wylie IV
    Mullen Wylie, LLC

Received by Serve-One of SC, LLC to be served on **Palmetto Design & Renovation Contractors, LLC Mike Gibson, Registered Agent, 107 Kestrel Lane, Irmo, SC 29063.** I, _Ronald J. Buyok_ , being duly sworn, depose and say that on the _9_ day of _August_ , 20 _18_ at _9_ : _04_ p.m., executed service by delivering a true copy of the **Summons and Complaint**
in accordance with state statutes in the manner marked below:

(X) CORPORATE SERVICE: By serving _MIKE GIBSON_ as
_REGISTERED AGENT_ a person authorized to accept service.

( ) GOVERNMENT AGENCY: By serving _____ as

of the within named agency.

( ) NON SERVICE: Due to reasons detailed in Comments below.

COMMENTS: _____

Age _65_ Sex (M) F  Race _WHT_  Height _5'7"_  Weight _190_  Hair _GREY_  Glasses Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _10_ day
of _August_ , _2018_ by the affiant who is
personally known to me.

NOTARY PUBLIC

My Commission Expires: _8/29/2007_

PROCESS SERVER #
Appointed in accordance with State Statutes

**Serve-One of SC, LLC**
**512 Pettigru Street**
**Greenville, SC 29601**
**(864) 235-7766**

Our Job Serial Number: 2018001381

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1i

VINCENT ELIA
Notary Public - State of South Carolina
My Commission Expires August 29, 2027

ELECTRONICALLY FILED - 2018 Aug 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

## AFFIDAVIT OF SERVICE

State of South Carolina                County of Richland                Common Pleas Court

Case Number: 2018-CP-40-4124

Plaintiff:
**Stella Black**
vs.
Defendants:
**Safeco Insurance Company of America et al**

For: Robert L. Wylie IV
     Mullen Wylle, LLC

Received by Serve-One of SC, LLC to be served on Mike Gibson, 107 Kestrel Lane, Irmo, SC 29063. I, _Ronald_ _J Owens_ being duly sworn, depose and say that on the __9__ day of _August_, 20 _18_ at _9:04_ p.m., executed service by delivering a true copy of the **Summons and Complaint** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served personally to the within-named.

( ) SUBSTITUTE SERVICE: By delivering to:_____, as _____, a person authorized to accept service and a person of discretion and appropriate age, residing at the residence of the within named person and present at said residence at the time of service.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE:Due to reasons detailed in Comments below.

( ) MILITARY STATUS: Y  N  If Yes, what branch:_____

COMMENTS: _____
_____
_____
_____

Age _65_ Sex (M) F  Race _WHT_ Height _5'7_ Weight _190_ Hair _GRAY_ Glasses Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _10_ day of _August_, _2018_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

My Commission Expires: _8/29/2027_

_____
PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Serve-One of SC, LLC**
**512 Pettigru Street**
**Greenville, SC 29601**
**(864) 235-7766**

Our Job Serial Number: 2018001382

---

VINCENT ELIA
Notary Public - State of South Carolina
My Commission Expires August 29, 2027

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1i

# Certificate of Electronic Notification

| Recipients |
|---|
| **Andrew Toney** - Notification transmitted on 08-16-2018 02:52:39 PM. |

ELECTRONICALLY FILED - 2018 Aug 16 3:04 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

ELECTRONICALLY FILED - 2018 Aug 16 3:04 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

***** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2018CP4004124

| | |
|---|---|
| **Official File Stamp:** | 08-16-2018 02:52:24 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Stella Black vs Safeco Insurance Company Of America , defendant, et al |
| **Document(s) Submitted:** | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| | Service/Affidavit Of Service |
| **Filed by or on behalf of:** | Andrew James Toney |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Andrew James Toney for Stella Black

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Rainbow International Of Columbia

Palmetto Design And Restoration Contractors Llc

Mike Gibson

Dennis Branham Roofing Llc

Dennis Branham

Axiom Adjusting Services Llc

Safeco Insurance Company Of America

## AFFIDAVIT OF SERVICE

State of South Carolina      County of Richland      Common Pleas Court

Case Number: 2018-CP-40-4124

Plaintiff:
**Stella Black**
vs.
Defendants:
**Safeco Insurance Company of America et al**

For: Robert L. Wylie IV
    Mullen Wylie, LLC

*Received by Serve-One* of SC, LLC to be served on **Rainbow International Of Columbia Reed Mattingly as owner, 450 E. Boundary St, Chapin, SC 29036.** I, _RONALD J OLIVOR_, being duly sworn, depose and say that on the _7_ day of _AUGUST_, 20 _18_ at _11:51 A_.m., executed service by delivering a true copy of the **Summons and Complaint** in accordance with state statutes in the manner marked below:

(X) CORPORATE SERVICE: By serving _REED MATTINGLY_ as _OWNER_ a person authorized to accept service.

( ) GOVERNMENT AGENCY: By serving _____ as

_____
of the within named agency.

( ) NON SERVICE: Due to reasons detailed in Comments below.

COMMENTS: _____
_____
_____
_____

Age _49_ Sex (M)/F   Race _WHT_   Height _6'1"_   Weight _210_   Hair _BALD_   Glasses
Y/(N)

ELECTRONICALLY FILED - 2018 Aug 13 4:43 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

ELECTRONICALLY FILED - 2018 Aug 13 4:43 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

## AFFIDAVIT OF SERVICE For 2018-CP-40-4124

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 7th day of August , 2018 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

My Commission Expires: 8/29/2027

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Serve-One of SC, LLC**
**512 Pettigru Street**
**Greenville, SC 29601**
**(864) 235-7766**

Our Job Serial Number: 2018001380

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1l

VINCENT ELIA
Notary Public - State of South Carolina
My Commission Expires August 29, 2027

# Certificate of Electronic Notification

| Recipients |
|---|
| **Andrew Toney** - Notification transmitted on 08-13-2018 04:43:46 PM. |

ELECTRONICALLY FILED - 2018 Aug 14 8:32 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:**  2018CP4004124

| | |
|---|---|
| **Official File Stamp:** | 08-13-2018 04:43:30 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Stella Black vs Safeco Insurance Company Of America , defendant, et al |
| **Document(s) Submitted:** | Service/Affidavit Of Service |
| **Filed by or on behalf of:** | Andrew James Toney |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Andrew James Toney for Stella Black

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Rainbow International Of Columbia

Palmetto Design And Restoration Contractors Llc

Mike Gibson

Dennis Branham Roofing Llc

Dennis Branham

Axiom Adjusting Services Llc

Safeco Insurance Company Of America

ELECTRONICALLY FILED - 2018 Aug 14 8:32 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

Stella Black,

                         Plaintiff,

          vs.

Safeco Insurance Company of America,
Rainbow International of Columbia,
Palmetto Design and Restoration
Contractors, LLC, Mike Gibson,
individually, Dennis Branham Roofing,
LLC, Dennis Branham, individually and
Axiom Adjusting Services, LLLC

                         Defendants.

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT
Case No. 2018-CP-40-04124

**DEFENDANTS PALMETTO DESIGN AND
RESTORATION CONTRACTORS, LLC
AND MIKE GIBSON'S ANSWER TO
PLAINTIFF'S COMPLAINT
(Jury Trial Demanded)**

Defendants, Palmetto Design and Restoration Contractors, LLC and Mike Gibson ("Defendants"), by and through the undersigned counsel, hereby answer the Complaint of Plaintiff herein as follows:

### FOR A FIRST DEFENSE
#### (General Denial)

1.    Each and every paragraph of Plaintiff's Complaint not hereinafter specifically admitted, qualified, or explained is denied.

2.    Paragraph 1 is admitted.

3.    As to paragraphs 2 and 3, these Defendants lack sufficient knowledge to form an opinion as to the allegations of paragraphs 2 and 3 and therefore deny the same and demands strict proof thereof.

4.    As to paragraph 4, these Defendants admit that Palmetto Design and Restoration Contractors, LLC is a South Carolina corporation organized and existing under the laws of the

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

State of South Carolina and does business in the County of Richland and was responsible as agent or contractor for some repairs on the subject home but deny the remaining allegations of paragraph 4 and demand strict proof thereof.

5.      As to paragraph 5, Defendants admit that Defendant Gibson is a citizen and resident of the State of South Carolina and that he is the Principal of Palmetto Design and Restoration Contractors, LLC but deny the remaining allegations of paragraph 5 and demand strict proof thereof.

6.      As to paragraph 6, these Defendants admit that Palmetto Design and Restoration Contractors, LLC was engaged in doing business and acting as the general contractor for the remediation of the subject property but deny the remaining allegations of paragraph 6 and demand strict proof thereof.

7.      Paragraphs 7 through 11 are denied.

8.      Paragraphs 12 and 13 are admitted.

9.      As to paragraph 14, these Defendants lack sufficient knowledge to form an opinion as to the allegations of paragraph 14 and therefore deny the same and demands strict proof thereof.

10.      As to paragraph 15, these Defendants admit that on or about August 5, 2015, Plaintiff sustained some property damage to her home but deny the remaining allegations of paragraph 15 and demand strict proof thereof.

11.      As to paragraphs 16 through 20, these Defendants lack sufficient knowledge to form an opinion as to the allegations of paragraphs 16 through 20 and therefore deny the same and demand strict proof thereof.

12.      Paragraphs 21 through 23 are denied.

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

13.     As to paragraph 24, these Defendants repeat and reiterate the defenses raised in paragraphs 1 through 23 above as fully as if set forth verbatim herein.

14.     As to paragraphs 25 through 28, these Defendants lack sufficient knowledge to form an opinion as to the allegations of paragraphs 25 through 28 and therefore deny the same and demand strict proof thereof.

15.     Paragraph 29 is denied.

16.     As to paragraph 30, these Defendants repeat and reiterate the defenses raised in paragraphs 1 through 29 above as fully as if set forth verbatim herein.

17.     As to paragraph 31, these Defendants lack sufficient knowledge to form an opinion as to the allegations of paragraph 31 and therefore deny the same and demand strict proof thereof.

18.     Paragraph 32 is denied.

19.     As to paragraph 33, these Defendants repeat and reiterate the defenses raised in paragraphs 1 through 32 above as fully as if set forth verbatim herein.

20.     As to paragraphs 34 and 35, these Defendants crave reference to the contract between the parties and deny each and every allegation inconsistent therewith.

21.     Paragraphs 36 and 37 are denied.

22.     As to paragraph 38, these Defendants repeat and reiterate the defenses raised in paragraphs 1 through 37 above as fully as if set forth verbatim herein.

23.     As to paragraph 39, these Defendants crave reference to the contract between the parties and deny each and every allegation inconsistent therewith.

24.     Paragraphs 40 and 41 are denied.

25.     As to paragraph 42, these Defendants repeat and reiterate the defenses raised in paragraphs 1 through 41 above as fully as if set forth verbatim herein.

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

26.    As to paragraph 43, these Defendants crave reference to the contract between the parties and deny each and every allegation inconsistent therewith.

27.    Paragraphs 44 through 46 are denied.

28.    As to paragraph 47, these Defendants repeat and reiterate the defenses raised in paragraphs 1 through 46 above as fully as if set forth verbatim herein.

29.    As to paragraphs 48 through 50, these Defendants lack sufficient knowledge to form an opinion as to the allegations of paragraphs 48 through 50 and therefore deny the same and demands strict proof thereof.

30.    Paragraph 51 is denied.

31.    As to paragraph 52, these Defendants repeat and reiterate the defenses raised in paragraphs 1 through 51 above as fully as if set forth verbatim herein.

32.    As to paragraph 53, these Defendants lack sufficient knowledge to form an opinion as to the allegations of paragraph 53 and therefore deny the same and demand strict proof thereof.

33.    Paragraphs 54 and 55 are denied.

34.    As to paragraph 56, these Defendants repeat and reiterate the defenses raised in paragraphs 1 through 55 above as fully as if set forth verbatim herein.

35.    As to paragraph 57, these Defendants lack sufficient knowledge to form an opinion as to the allegations of paragraph 57 and therefore deny the same and demand strict proof thereof.

36.    Paragraph 58 is denied.

37.    As to paragraphs 59 and 60, these Defendants lack sufficient knowledge to form an opinion as to the allegations of paragraphs 59 and 60 and therefore deny the same and demand strict proof thereof.

38.    Paragraph 61 is denied.

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

## FOR A SECOND DEFENSE
### (Acceptance)

39.    The work these Defendants performed upon the subject property was accepted by Plaintiff and the final completion and acceptance the materials and work supplied by these Defendants constitute a complete defense to all claims by Plaintiff.

## FOR A THIRD DEFENSE
### (Statute of Limitations / Statute of Repose)

40.    This action is or may be barred by the applicable statute of limitations and/or statute of repose, including but not limited to, S.C. Code Annotated §§ 15-3-530 *et al. seq.*, 15-3-640 *et al. seq.*, and 36-2-728 *et seq*.

## FOR A FOURTH DEFENSE
### (Compliance with Industry Standards)

41.    These Defendants would show, upon information and belief, any and all materials and work services these Defendants provided met the construction industry's practice and standards applicable to Plaintiff's Complaint.

## FOR A FIFTH DEFENSE
### (Comparative Negligence)

42.    These Defendants, would show upon information and belief, any damages suffered by Plaintiff were the direct and proximate result of the Plaintiff's own negligence and Plaintiff's recovery should be barred or, in the alternative, reduced by the amount of Plaintiff's own negligence.

## FOR A SIXTH DEFENSE
### (Sole, Superseding and Intervening Negligence of Others)

43.    These Defendants would show, upon information and belief, whatever damages, if any, sustained by Plaintiff in this action, which these Defendants expressly deny, were the result of, due solely to, caused solely by and were the direct and proximate result of intervening,

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

superseding and unforeseeable negligence of others, over whom these Defendants had no control or which occurred after these Defendants had fully performed their contract so as to bar Plaintiff from recovering from these Defendants.

### FOR A SEVENTH DEFENSE
**(Estoppel, Laches & Waiver)**

44.     These Defendants would show, upon information and belief, the Plaintiff's claims are barred by the doctrine of estoppel, laches and waiver.

### FOR AN EIGHTH DEFENSE
**(Economic Loss Doctrine)**

45.     These Defendants would show, upon information and belief, Plaintiff's claims are barred by the economic loss doctrine.

### FOR A NINTH DEFENSE
**(Lack of Notice, Right to Cure)**

46.     These Defendants would show, upon information and belief, if these Defendants are liable to Plaintiff, which liability is denied, Plaintiff's claims must fail in that Plaintiff failed to give these Defendants reasonable notice of the alleged defects and/or reasonable opportunity to correct any alleged defects as required by South Carolina Code §40-59-1810, et al.

### FOR A TENTH DEFENSE
**(Set Off)**

47.     These Defendants would show, upon information and belief, anything recovered by Plaintiff must be set off or reduced, abated or proportioned to the extent that any other parties' actions caused or contributed to Plaintiff's damages, if any.

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

### FOR AN ELEVENTH DEFENSE
#### (Failure to Mitigate)

48.    These Defendants would show, upon information and belief, damages alleged by Plaintiff, which damages are hereby specifically denied, were due to and caused by the Plaintiff's failure to mitigate, which failure is a complete bar to her recovery.

### FOR A TWELFTH DEFENSE
#### (Failure to Maintain)

49.    These Defendants would show, upon information and belief, Plaintiff failed to properly maintain the subject structure against normal wear, tear and deterioration.

### FOR A THIRTEENTH DEFENSE
#### (Punitive Damages)

50.    These Defendants would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts, the self-incrimination clause is being violated because Defendants can be compelled to give testimony against themselves in a penalty situation such as punitive damages, the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature, Plaintiff's claim for punitive damages violates Defendants' right to access to the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills  Defendants' exercise of that right, Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, and Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

and, therefore, violates both procedural and substantive due process safeguards and, therefore, Plaintiff's claim for punitive damages should be dismissed.

### FOR A FOURTEENTH DEFENSE
#### (Breach of Implied Warranty)

51.     The Plaintiff may have furnished plans with specifications and drawings for use by these Defendants in the construction of the subject project and thereby implied a warranty to the sufficiency of Plaintiff's specifications and drawings for the purpose in view and implied a warranty that they fully and accurately disclosed all information necessary for the proper construction of the project. That the specifications and drawings furnished by the Plaintiff may have been defective, insufficient, conflicting, and incomplete and Plaintiff thereby breached the foregoing warranties which are implied by law and such constituting a complete defense to all claims.

### FOR A FIFTEENTH DEFENSE
#### (Exclusion of Warranty)

52.     The Plaintiff's claim for breach of warranty and breach of implied warranty are barred because such warranties are expressly excluded, disclaimed or limited by the agreements of the parties or by written warranties; any warranties that expired prior to the alleged incident date; Plaintiff failed to timely give notice of any alleged breach of warranties; and Plaintiff's recovery for breach of warranty is limited to those remedies set forth in the agreements and written material by the parties.

### FOR A SIXTEENTH DEFENSE
#### (Misuse)

53.     If Plaintiff received damages by the product installed by these Defendants, any damages were proximately caused by the misuse or improper use of the product.

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

## FOR A SEVENTEETH DEFENSE
### (Proximate Cause)

54.     Even if these Defendants were negligent or breached the warranty, as alleged in the Complaint, which is specifically denied, the negligence of these Defendants is not the direct and proximate cause of any damages alleged by the Plaintiff; therefore, these Defendants are not liable for any damages allegedly sustained by the Plaintiff.

## FOR AN EIGHTEENTH DEFENSE
### (Act of God)

55.     Upon information and belief, the structure and or subject of the litigation, sustained damage from a microburst storm and such damages were caused by an act of God over which these Defendants had no control and for which they were not responsible.

## FOR A NINETEENTH DEFENSE
### (Open and Obvious)

56.     Plaintiff knew, or should have known, of any alleged deficiencies in the construction and accepted the same with such knowledge. As a result, Plaintiff's recovery should be barred.

## FOR A TWENTIETH DEFENSE
### (Lack of Standing)

57.     Plaintiff lack sufficient standing to pursue all or part of the claims contained or contemplated in the Complaint.

## FOR A TWENTY-FIRST DEFENSE
### (Beneficial Use)

58.     Plaintiff's alleged damages must be reduced by the proportionate value of the beneficial use of any products furnished or installed by these Defendants.

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

**FOR A TWENTY-SECOND DEFENSE**
**(Unclean Hands)**

59.    Plaintiff's claims are barred by the equitable doctrine of unclean hands.

**FOR A TWENTY-THIRD DEFENSE**
**(No Reliance on Warranties)**

60.    If these Defendants made any warranties to Plaintiff, which is denied, Plaintiff's claims for breach of warranties is barred because Plaintiff did not rely on any warranties allegedly made by these Defendants.

**FOR A TWENTY-FOURTH DEFENSE**
**(Spoliation of Evidence)**

61.    Plaintiff's claims may be barred by the doctrine of spoliation of evidence.

**FOR A TWENTY-FIFTH DEFENSE**
**(Breach of Contract)**

62.    These Defendants allege, to the extent Plaintiff seeks to recover under contract, Plaintiff materially breached the terms and conditions of the subject agreement and is entitled to no relief thereon.

**FOR A TWENTY-SIXTH DEFENSE**
**(Certificate of Occupancy)**

63.    These Defendants affirmatively assert that the property at issue was designed, constructed and certified for occupancy in conformity with the then applicable and prevailing industry, construction and governmental standards, regulations and/or statutory requirements.

**FOR A TWENTY-SEVENTH DEFENSE**
**(Goods Incorporated into Corporation Neither Selected nor Manufactured by Defendants)**

64.    These Defendants would allege and show, the good incorporated in the construction were neither selected for incorporation nor manufactured by these Defendants.

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

## FOR A TWENTY-EIGHTH DEFENSE
### (Expiration of Warranty – Outside Warranty)

65.     These Defendants would allege and show, any warranty that may have been extended to Plaintiff or others in privity hereto has expired.

## FOR A TWENTY-NINTH DEFENSE
### (S.C. Code Ann. §15-73-20)

66.     These Defendants would allege, and show, Plaintiff's claims are barred by S.C. Code Ann. § 15-73-20.

## FOR A THIRTIETH DEFENSE
### (Sole Negligence of Plaintiffs)

67.     These Defendants would allege and show that the alleged damages sustained by Plaintiff, if any, were due to and caused solely by Plaintiff, and were a direct and proximate result of the negligence, carelessness, recklessness, willfulness and wantonness of Plaintiff so as to preclude any recovery from these Defendants.

## FOR A THIRTY-FIRST DEFENSE
### (Duties Alleged Beyond Scope of Service)

68.     These Defendants would allege and show, the duties and obligations alleged are not within the scope of services which were provided by these Defendants and such duties and obligations lie beyond the scope of services provided and, as such, constitutes a complete defense to all claims for negligence.

## FOR A THIRTY-SECOND DEFENSE
### (Election of Remedies)

69.     These Defendants would allege and show, Plaintiff should be required to elect between causes of action for negligence and breach of warranty as such causes of action are mutually exclusive, consistent with and dependent upon different alleged sources of alleged duties owed by these Defendants and Plaintiff.

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

### FOR A THIRTY-THIRD DEFENSE
**(Warranty of Fitness for Particular Purpose – Not Applicable)**

70.    Upon information and belief, Plaintiff did not place any reliance upon the skill or judgment of these Defendants in the selection and/or furnishing of the goods and services which became incorporated in the construction, but rather relied upon the judgment, skill and approval of others as to the selection and suitability of such materials and, as such, constitutes a complete defense to the claim of breach of warranty of fitness for particular purpose.

### FOR A THIRTY-FOURTH DEFENSE
**(Substantial Compliance)**

71.    These Defendants substantially performed all requirements, contractual or otherwise, and standards in a reasonable manner.

### FOR A THIRTY-FIFTH DEFENSE
**(State of the Art)**

72.    Even though these Defendants did not manufacture any products at issue, the products, goods and services these Defendants provided were state-of-the-art, thus serving as a complete defense to the claims of Plaintiff.

### FOR A THIRTY-SIXTH DEFENSE
**(Apportionment, Abatement, and Reduction of Damages)**

73.    Justice requires that any judgment in favor of Plaintiff be incorporated, abated and reduced by the amount of damages caused by defects for which Plaintiff had actual or constructive knowledge of prior to purchase or transfer.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendants, Palmetto Design and Restoration Contractors, LLC and Mike Gibson pray the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

ELECTRONICALLY FILED - 2018 Aug 29 2:15 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

BROWN & BREHMER

By:    s/ Karl S. Brehmer
        Karl S. Brehmer (SC Bar # 12849)
        1720 Main Street, Suite 201
        Post Office Box 7966
        Columbia, South Carolina 29202
        (803) 771-6600
        ksb@brownandbrehmer.com
        *Attorneys for Defendants Palmetto Design and Restoration Contractors, LLC and Mike Gibson*

August 29, 2018

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Andrew Toney**  - Notification transmitted on 08-29-2018 02:16:06 PM. |

ELECTRONICALLY FILED - 2018 Aug 29 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2018CP4004124

**Official File Stamp:**         08-29-2018 02:15:51 PM

**Court:**               CIRCUIT COURT

Common Pleas

Richland

**Case Caption:**       Stella Black vs Safeco Insurance Company Of America , defendant, et al

**Event(s):**

Notice/Notice of Appearance

**Document(s) Submitted:**      Answer/Answer

**Filed by or on behalf of:**      Karl Stephen Brehmer

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Andrew James Toney for Stella Black

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Rainbow International Of Columbia

Palmetto Design And Restoration Contractors Llc

Mike Gibson

Dennis Branham Roofing Llc

Dennis Branham

Axiom Adjusting Services Llc

Safeco Insurance Company Of America

ELECTRONICALLY FILED - 2018 Aug 29 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4004124