# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Stella Black, | ) |
|                 Plaintiffs, | ) Civil Action No. 3:18-cv-02479-JMC |
| v. | ) **ORDER AND OPINION** |
| Safeco Insurance Company of America; Rainbow International of Columbia, Palmetto Design and Restoration, Contractors, LLC, Mike Gibson, individually, Dennis Branham Roofing, LLC, Dennis Branham, individually and Axiom Adjusting Services, LLC, | ) |
|                 Defendants. | ) |

Plaintiff Stella Black ("Plaintiff") filed this action in the Richland County Court of Common Pleas on August 3, 2018, against (1) Defendant Safeco Insurance Company of America ("Safeco"), (2) Defendant Rainbow International of Columbia (3) Defendant Palmetto Design and Restoration Contractors, LLC ("Palmetto"), (4) Defendant Mike Gibson, (5) Defendant Dennis Branham Roofing, LLC, (6) Defendant Dennis Branham, and (7) Defendant Axiom Adjusting Services, LLC ("Axiom") (collectively, "Co-Defendants"). (ECF No. 1-2.) On September 7, 2018, Safeco removed the action to this court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 for diversity of citizenship between Plaintiff and Safeco. In its Notice of Removal (ECF No. 1), Safeco acknowledged that diversity of citizenship was lacking between Plaintiff and all other Co-defendants, but argued that all other Co-Defendants were fraudulently joined. In its Motion to Sever (ECF No. 4), which is currently before the court, Safeco requests that this court retain jurisdiction over Plaintiff's claims against it

and remand to state court Plaintiff's separate claims against its Co-Defendants. (ECF No. 4.) Plaintiff has not filed a response to the Motion to Sever, but at least two Co-Defendants, Palmetto and Mike Gibson ("Opposing Co-Defendants"), have challenged Safeco's removal and its Motion to Sever (ECF No. 9). For the reasons set forth herein, the court **GRANTS** Safeco's Motion to Sever (ECF No. 4).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her action in state court on August 3, 2018, seeking damages to her home and other properties stemming from an August 2015 microburst storm. (ECF No. 1-2 at 15–26.) Plaintiff asserted claims of bad faith and breach of contract against Safeco for its failure to pay insurance policy benefits for the storm damage. (*Id.*) Plaintiff sued all other Co-Defendants for negligence, gross negligence, and breach of implied warranty of workmanship for their alleged failure to properly repair the home, and for allegedly causing more damage to the home. (*Id.*) Safeco is incorporated under the laws of New Hampshire and has its principal place of business in Massachusetts. (ECF No. 4 at 2.) Plaintiffs and all the other Co-Defendants are South Carolina citizens and residents. (ECF No. 1-2 at 1-12.) Safeco filed a Notice of Removal to federal court on September 7, 2018. (ECF No. 1.)

## II. LEGAL STANDARD

*A. Removal and Diversity Jurisdiction*

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulchaey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994); *see Marshall v. Manville Sales Corp.*, 6 F. 3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all

2

doubts about the propriety of removal in favor of retained state court jurisdiction"); *see also Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted). The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Absent jurisdiction based on the presentation of a federal question, *see* 28 U.S.C. § 1331, a federal district court only has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States...." 28 U.S.C. § 1332(a). "[28 U.S.C. § 1332(a)] and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) (footnote omitted); *Crawford v. C. Richard Dobson Builders, Inc.*, 597 F. Supp. 2d 605, 608 (D.S.C. 2009) ("The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant."). Moreover, a corporation is a "citizen" of the state in which it is incorporated. 28 U.S.C. § 1332(c)(1).

Removal requires the consent of all defendants, unless the defendant is a nominal party. *See* 28 U.S.C. § 1446(b)(2) (2012); *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F. 3d 255, 259 (4th Cir. 2013). Moreover, in evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980). Whether a party is nominal for

3

removal purposes depends on whether the party has an "immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford Fire Ins. Co.*, 736 F. 3d at 260. "In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Id.*

*B. Joinder and Severance of Parties*

Rule 20(a)(2) of the Federal Rules of Civil Procedure describes the requirements for permissive joinder: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The United States Supreme Court has articulated that "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Additionally, the Court of Appeals for the Fourth Circuit has explained that "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs. Inc.*, 485 F. 3d 206, 218 n.5 (4th Cir. 2007).

A district court also possesses broad discretion in ruling on a requested severance under Fed. R. Civ. P. 21. *See Saval v. BL, Ltd.*, 710 F.2d 1027, 1031–32 (4th Cir. 1983). Specifically, whether to drop parties from a case to establish diversity between the remaining parties is a decision within the trial court's discretion. *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F. 2d 683, 691 (4th Cir. 1978) ("There is, of course, sound authority for the view that non-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and the defendants. . ."). However, a court cannot ignore Rule 20's requirements. *See Neitzke v. Williams*,

4

490 U.S. 319, 328 (1989); *see also, e.g.*, *McCoy v. Willis*, No. 4:07-cv-3563-PMD-TER, 2008 WL 4221745, at *5 (D.S.C. Sept. 15, 2008). If Rule 20's requirements are not met, and defendants are deemed improperly joined, the court "on motion or *on its own*… may at any time, on just terms . . . drop a party." Fed. R. Civ. P. 21 (emphasis added). Rule 21 provides the court with the power to *sua sponte* sever improperly joined defendants. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832, L.Ed.2d 893 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time…"). A court can sever misjoined parties if the severance will not prejudice substantial rights. *See, e.g.*, *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

### III. DISUCSSION

*A. The Parties' Arguments*

At the outset, Safeco avers that removal was appropriate because all of its Co-Defendants are "nominal" defendants whose South Carolina residencies cannot defeat diversity. (ECF No. 4 at 3.) Safeco next argues that its Co-Defendants were improperly joined in this action under Rule 20. (*Id.*) More specifically, Safeco explains that joinder was inappropriate because Plaintiff asserts "separate claims against two, or possibly three, distinct sets of defendants which do not arise out of the same transaction or occurrence, and there exists no common questions of law or fact between these separate claims." (*Id.* at 5.) Safeco also argues that if the claims are not severed, then it will be greatly prejudiced by including issues of liability and issues of insurance coverage in the same action. (*Id.* at 11 (relying primarily on *Bartell v. Willis Constr. Co.*, 259 S.C. 20, 24, 190 S.E. 2d 461, 463 (1972) (establishing that the fact that a defendant is protected by insurance or indemnity bond from liability in an action for damages shall not be known to the jury because the jury's knowledge that the defendant will not have to pay might have prejudicial effect). Safeco concludes that the requirements

5

for diversity jurisdiction are met as to Plaintiff's claims against it, alone, and that this court should sever Plaintiff's other claims against the Co-Defendants under Rule 21 due to the "misjoinder" of the non-diverse Co-Defendants. (*Id.* at 8.)

Co-Defendants Palmetto and Mike Gibson ("Opposing Co-Defendants") counter that Safeco never actually demonstrated that its Co-Defendants were "nominal." (ECF No. 9 at 3.) Further, Opposing Co-Defendants argue that they have a "clear stake in the outcome of this litigation" merely because Plaintiff has "brought causes of action [against them]." (*Id*. at 4.) Opposing Co-Defendants next contend that contrary to what Safeco argues, "all of the claims in this litigation arise from…the [common] 2015 microburst storm." (*Id.* at 5.) More specifically, Opposing Co-Defendants argue that Plaintiff's tort claims against them would not have been brought but for Safeco's denial of Plaintiff's insurance claim arising from the August 2015 storm. (*Id*. at 6.) Opposing Co-Defendants do not appear to argue how severance of the claims or the parties would prejudice them.

*B. Court's Analysis*

1. Removal and Permissive Joinder

This court first finds that Safeco's removal to federal court was proper since, for the purposes of determining complete diversity jurisdiction, the court need only consider the citizenship of Plaintiff (South Carolina) and Defendant (New Hampshire). This finding rests on the fact that the Co-Defendants do not appear to have an "immediately apparent stake" in the litigation of Plaintiff's *breach of contract and bad faith claims* against Defendant. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F. 3d 255, 260 (4th Cir. 2013) (explaining that in deciding if a defendant is "nominal," the "key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way"); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980).

For similar reasons, this court finds improper the joinder of Plaintiff's claims against Safeco and its Co-Defendants. Fed. R. Civ. P. 20(a)(2) describes the specific requirements for permissive joinder: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Plaintiff alleges negligence, gross negligence, and breach of implied warranty of workmanship—and appropriate relief therefrom—only against the Co-Defendants. (ECF No. 1-2 at 9–11.) Plaintiff also alleges bad faith and breach of contract for the insurance policy—and appropriate relief therefrom—only against Safeco. (*Id.* at 7–8.) It thus does not appear that Plaintiff has asserted against Safeco and its Co-Defendants a right to relief "jointly" or "severally."

Neither do Plaintiff's respective claims against Safeco and its Co-Defendants appear to arise out of the "same transaction or occurrence." The occurrence at issue in Plaintiff's tort claims against the Co-Defendants is the repair and alleged further damage that Co-Defendants, as contractors, subsequently made to the home. On the other hand, the transaction at issue between Plaintiff and Safeco revolves around an insurance policy that Plaintiff and Safeco negotiated. This court finds that Plaintiff's allegations, and the one common storm, are not enough to inextricably intertwine her tort claims against Co-Defendants with any bad faith or breach of contract claims under the insurance policy against Safeco. *See, e.g.*, *Pollock v. Goodwin*, No. 3:07-3983-CMC, 2008 WL 216381, at *3 (D.S.C. Jan. 23, 2008) (recognizing that bad faith/breach of contract claims against an uninsured motorist carrier are "wholly distinct in character from" negligence claims against individuals arising out of an automobile accident and thus improperly joined under Rule 20, as an accident is not part of the "transaction" giving rise to contract-based claims against an uninsured motorist carrier); *Ortiz v.*

7

*A.N.P.*, Inc., No. 10-cv-917, 2010 WL 3702595, at *6 (S.D. Tex. Sept. 15, 2010) (concluding that a tort claim to be severed did not arise out of the same transaction or occurrence for the same reason).

This court also finds that the separate tort and contract claims Plaintiff asserts do not raise any questions of law or fact common to all parties, as required by Fed. R. Civ. P. 20. From a legal perspective, Plaintiff does not allege that Safeco is an alleged tortfeasor or is connected with the alleged tortfeasors. Nor does Plaintiff allege that Defendant was solely or partly responsible for repairing the home. Plaintiff's bad faith and breach of contract against Safeco, instead, arise out of an insurance contract. Determining whether the Co-Defendants breached a duty of care to Plaintiff in repairing the home will generally require an altogether separate legal inquiry than the contract-based claims against Safeco. While it is true that the microburst storm caused the initial home damage, Plaintiff is not suing the Co-Defendants for the initial damages to the home, but she is suing for subsequent damages allegedly caused by the Co-Defendants during the repair. Besides, other courts have noted that different issues of law and fact arise when "[t]he only common factual thread between the claims is [a hurricane]" *Manard v. Bankers Ins. Co.*, No. CIV.A.06 7148, 2007 WL 184829, at *2 (E.D. La. Jan. 22, 2007) (quoting *Defourneaux v. Metropolitan Property and Casualty Ins. Co.,* 2006 WL 2524165 (E.D.La.2006) (court determining that different issues of law were presented because the claims against the insurance company were grounded in contract law, and the claims against Jefferson Parish were based on negligence and tort theories). In short, whether the Co-Defendants were negligent in repairing the home is immaterial to a determination of whether Defendant breached the insurance contract or mishandled Plaintiff's claim related to her insurance policy.

From a factual standpoint, the adjudication of Plaintiff's tort claims likely would require a consideration of facts concerning the manner in which Co-Defendants repaired the home and the

standard of care exercised—both of which bear little relation to the kinds of facts undergirding Plaintiff's contract claims about insurance policy coverage against Safeco. Although Plaintiff will need to establish the underlying facts of the storm and the extent of her damages to recover under the breach of contract claim, whether the Co-Defendants were negligent in the repair of her home is a separate factual inquiry than whether Plaintiff and Safeco's insurance contract can or should be interpreted in a way that allows for coverage of storm damage to her property.

In conclusion, this court finds that because the Co-Defendants are nominal, removal to federal court was proper since diversity only exists between Plaintiff and Safeco.[1] Moreover, joinder of Plaintiff's claims against all Defendants was not proper since Fed. R. Civ. P. 20 does not contemplate joinder of the separate legal and factual inquiries of Plaintiff's claims, respectively, against Safeco and its Co-Defendants. *See Cramer v. Walley*, No. 5:14-cv-03857-JMC, 2015 WL 3968155 (D.S.C. June 30, 2015) (noting that "the weight of authority holds that claims for negligent operation of an automobile do not arise from the same transaction or occurrence as a subsequent claim against an insurer . . . involving coverage questions, and therefore cannot be joined under Fed. R. Civ. P. 20"); *see also, e.g.*, *Defourneaux*, at *1 (severing the plaintiffs' negligence claims from their contract claims as to the flood damage to plaintiffs' property and concluding: The plaintiffs' claims against the defendants did not arise from the same transaction or occurrence, and do not present common issues of law or fact, and as such, have been improperly joined."); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (finding first that an alleged tortfeasor and an uninsured motorist carrier were fraudulently joined, then severing and remanding plaintiff's tort claim against the non-diverse defendant tortfeasor, and retaining the contract and bad faith claims against diverse

---

[1] In addition to diversity of citizenship between the parties, the amount in controversy in this matter exceeds $75,000, as required by 28 U.S.C. § 1332(a). (*See generally* ECF No. 1.)

defendant uninsured motorist carrier); *Beaulieu v. Concord Group Ins. Co.*, 208 F.R.D. 478, 479–481 (D.N.H. 2002) (granting a defendant's motion to sever after determining that the plaintiff's claim against one defendant for negligent driving was separate and independent from her claims of breach of contract against the defendant insurer); *Pena v. McArthur*, 889 F. Supp. 403, 405–407 (E.D. Cal. 1994) (granting a motion to sever after concluding that the plaintiff's negligence claim against one defendant was improperly joined with her bad faith claim against another defendant); *Gruening v. Sucic*, 89 F.R.D. 573, 573–575 (E.D. Pa. 1981) (finding that the plaintiffs' claims of negligent driving were improperly joined with their claims against their insurer for breach of fiduciary duty).

2. Severance of Claims upon Removal from State Court

The court next turns to whether the claims should be severed. As Safeco notes, this very court, in a 2015 decision on a similar issue, weighed four factors to help it conclude the appropriateness of severing tort claims from an insurance claim under Fed. R. Civ. P. 21. *See Cramer v. Walley*, No. 5:14-cv-03857-JMC, 2015 WL 3968155 (D.S.C. June 30, 2015). The factors this court considered included: (1) whether the issues sought to be severed are "significantly different from one another;" (2) whether the issues require different witnesses and evidence; (3) whether the "party opposing severance will be prejudiced; and (4) whether the party requesting severance will be prejudiced if the claims are not severed." *Id.* at 5 (relying on *Grayson Consulting, Inc. v. Cathcart,* No. 2:07–cv–02992–DCN, 2014 WL 1512029, at *2 (D.S.C. Apr.8, 2014).

Applying those same factors here, the court concludes that the tort claims should be severed. First, this court, like several others, finds that the claims may not be joined together because they are significantly different. *Id*. Indeed, the plain language of Fed. R. Civ. P. 20 supports this conclusion. Secondly, the court agrees with the ways in which Safeco argues it might be prejudiced in having the claims against it joined with the separate and unrelated claims of tort liability of the other Co-

Defendants. For example, a jury's finding as to Safeco's breach of contract or bad faith liability could very well be influenced by a jury sympathetic to Plaintiff after a potential jury finding that the Co-Defendants engaged in tortious conduct while repairing the home. Moreover, the Co-Defendants do not point to any potential prejudice. In any event, the court is hard-pressed to determine a prejudicial effect of severing the claims since the claims against Safeco have little to do with any potential tortious activity that contributed to Plaintiff's damaged property.

This court, therefore, finds that severance of Plaintiff's tort claims against the Co-Defendants is appropriate in this matter. Because there is no question of federal law between Plaintiff and the Co-Defendants and because there is no dispute as to the lack of diversity between them, this court also must remand Plaintiff's tort claims against the Co-Defendants to state court.

## IV. CONCLUSION

Based on the aforementioned reasons, the court hereby **GRANTS** Safeco's Motion to Sever (ECF No. 4) and **SEVERS** Plaintiff's causes of action against Safeco from the causes of action against (1) Defendant Rainbow International of Columbia (2) Defendant Palmetto Design and Restoration Contractors, LLC ("Palmetto"), (3) Defendant Mike Gibson, (4) Defendant Dennis Branham Roofing, LLC, (5) Defendant Dennis Branham, and (6) Defendant Axiom Adjusting Services, LLC. The court further **REMANDS** the claims asserted against the Co-Defendants to state court for further proceedings. This court retains exclusive jurisdiction over Plaintiff's claims against Safeco. The district court clerk is hereby directed to send the file to the Richland County Court of Common Pleas and to file this Order and provide copies to counsel.

*J. Michelle Childs*

**IT IS SO ORDERED.**

September 20, 2019                                                  United States District Judge
Columbia, South Carolina